Elizabeth Laingor, Defendant in Error v. Sidney S. Lowenthal, et al., Plaintiffs in Error.

## Gen. No. 14,708.

SURETYSHIP—*when past consideration binds guarantor.* As a general rule, the consideration which binds a guarantor or surety must be executory, but when the thing was done at the request of the surety or guarantor, a past consideration binds him.

*Assumpsit.* Error to the Municipal Court of Chicago; the Hon. F. L. FAKE, JR., Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed November 22, 1909. Rehearing denied December 6, 1909.

Statement by the Court.     The defendant in error, the owner and holder of the promissory notes mentioned in the instrument hereinafter set forth, brought her action in the Municipal Court against plaintiffs in error on said instrument and the guaranty thereof by the defendants.   Said instrument and guaranty are as follows:

"Know all men by these presents: That whereas, heretofore, Tilly Cohn, Sophie Lowenthal and Solomon Lowenthal, being indebted in the sum of twenty-five hundred dollars ($2500), executed and delivered their certain principal promissory note for twenty-five hundred dollars ($2500), together with interest notes relating thereto,—all dated December 14, 1894, and secured by a trust deed to Theodore H. Schintz, conveying real estate in Cook County, Illinois, bearing date the 14th day of December, A. D. 1894, and recorded in the Recorder's Office of Cook County, Illinois, in Book 4936 of Records, at page· 427, as Document No. 2,151,064, and which said indebtedness was thereafter from time to time, by the request of said parties, or the survivors of them, extended (all of the covenants and agreements of the said Trust Deed, except as expressly modified by the said extension agreement, being expressly retained, and incorporated as a part of the said extension agreement) until December 14, A. D. 1904.

"And whereas, the said Tilly Cohn and Solomon Lowenthal are now deceased, and it is the wish and request of the said Sophie Lowenthal, claiming to be the owner of the premises conveyed by said trust deed (excepting one, only, parcel hereof, which has heretofore been conveyed by a master in chancery under the foreclosure proceedings of a prior trust deed), that the said principal indebtedness and note be extended beyond the said 14th day of December, A. D. 1904, as follows, viz.:

"Eight hundred dollars ($800) thereof for a period of three years from and after the 14th day of December, A. D. 1904; and the remainder of seventeen hundred dollars ($1700) for a period of five years from and after the 14th day of December, A. D. 1904, and

"Whereas, Leo. B. Lowenthal and Sidney Lowenthal also desire that the said extension be granted as stated in the preceding paragraph hereof, and, in consideration of the said extension, propose and agree with the said Sophie Lowenthal and with the legal owner and holder of the said note that they will be bound for the payment of the said sum of Eight Hundred Dollars ($800) portion of the said indebtedness so extended, and interest thereon as evidenced by their guaranty as to the payment of the said sum of $800 and interest thereon, and covering this extension agreement;

"Now, Therefore, this Agreement Witnesseth, that in consideration of the premises, and of the sum of one dollar in hand paid to the said Sophie Lowenthal by the legal owner and holder of the said note, receipt of which is hereby acknowledged, and of the said separate undertaking on the part of the said Leo B. Lowenthal and Sidney Lowenthal, and at the request of the said Lowenthals, and each of them, it is agreed that the said principal sum, represented by the said principal note of $2500 is this day renewed and extended by the legal holder of said note and indebtedness as follows: Eight hundred dollars thereof for the period of three years from and after the said 14th day of December, A. D. 1904, and the remainder of the said amount, seventeen hundred dollars, for the period of five years from and after the 14th day of December, A. D. 1904, with interest on the said deferred payments at the rate of six per cent (6%) per annum, payable half yearly, to-wit: on the 14th day of June and December in each year hereafter, as evidenced by ten (10) interest notes, or coupons, the first six of which are for the sum of $75 each, and the last four for the sum of $51 each, all of even date herewith and all payable to the order of the said Sophie Lowenthal, and by her duly executed, endorsed and delivered, it being expressly agreed betwen the parties hereto that all of the covenants and agreements of the original trust deed, and of the notes hereby secured and hereinbefore mentioned, except as herein modified, are hereby expressly renewed, adopted and incorporated as a part hereof, the same as though set out in full herein.

"The consent of the legal holder of the said notes and indebtedness to this agreement is evidenced by the acceptance of the said interest coupons and the said guaranty of the said Leo. B. Lowenthal and Sidney Lowenthal.

"Witness the hand and seal of the said Sophie Lowenthal on this 14th day of December, A. D. 1904.

(Signed) MRS. SOPHIE X. LOWENTHAL (Seal).

Witnesses to signature of said Sophie Lowenthal:

(Signed) E. C. MORSE.

(Signed) F. M. LOWE.

Chicago, Ill., December 14, '04.

"In consideration of the above and foregoing Extension Agreement, and of one dollar to each of us in hand paid by the legal holder of the note therein referred to, the receipt of which is acknowledged, and of other good and valuable consideration to each of us passing, the receipt of which is also acknowledged, we and each of us do hereby guarantee the payment of eight hundred dollars ($800), and interest thereon of the amount mentioned in the above and foregoing extension agreement, the payment of which said sum of eight hundred dollars ($800) of the amount mentioned in the above and foregoing extension agreement was to be extended under the terms and provisions of the said trust deed and indebtedness, and the extension agreement, for the period of three years from and after the 14th day of December, A. D. 1904.

Witness our hands and seals.

(Signed) SIDNEY S. LOWENTHAL. (Seal).

(Signed) LEO B. LOWENTHAL. (Seal)."

At the trial plaintiff introduced said instrument and guaranty and evidence that plaintiff was the owner of the promissory notes mentioned in said instrument, and that the interest falling due December, 1907, and thereafter had not been paid, and rested. The defendant then offered to prove by Sidney Lowenthal that at the time he executed the guaranty he told Henry R. Baldwin, plaintiff's attorney, that his co-defendant, Leo Lowenthal, had instructed him to say that he would not sign the guaranty; that Mr. Baldwin re-

plied, "We will go ahead without him;" that Sophie Lowenthal then signed the extension agreement and Sidney Lowenthal signed the guaranty and the agreement and guaranty were then delivered to Mr. Baldwin; that Leo Lowenthal did not sign said guaranty in the presence of either the said Sophie or Sidney Lowenthal. The defendants further offered to prove by said Leo B. Lowenthal that he told said Sophie and Sidney Lowenthal that he would not sign the guaranty and to so inform Mr. Baldwin; that two weeks after the guaranty was signed by said Sidney he, said Leo Lowenthal, signed the same at the request of Mr. Baldwin, and that he received no money or other consideration for signing said guaranty. The court excluded all of the evidence so offered and instructed the jury to find a verdict for the plaintiff. The jury returned a verdict for the plaintiff for $838.14, the plaintiff remitted $2 and the court overruled defendants' motion for a new trial and entered judgment on the verdict for $836.14, to reverse which the defendants prosecute this writ of error.

DAVID G. EINSTEIN and JOSIAH BURNHAM, for plaintiffs in error.

HENRY R. BALDWIN, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

The contention of plaintiff in error, Leo B. Lowenthal, is that evidence that he did not sign the guaranty until two weeks after the extension agreement had been signed by Sophie Lowenthal and the guaranty by Sidney Lowenthal, and both instruments delivered to and accepted by the attorney of the plaintiff, tended to prove that as to said Leo B. Lowenthal the guaranty was without consideration, and that therefore the court erred in excluding such evidence. The extension

contract signed by Sophie Lowenthal is referred to in the guaranty thereof executed by plaintiffs in error, and the two instruments are therefore to be read together. The extension agreement recites that, ''Leo B. Lowenthal and Sidney Lowenthal also desire that the said extension be granted as stated in the preceding paragraph hereof, and, in consideration of the said extension, propose and agree with the said Sophie Lowenthal and with the legal owner and holder of the said note that they will be bound for the payment of the said sum of eight hundred dollars ($800) portion of the said indebtedness so extended, and interest thereon as evidenced by their guaranty as to the payment of the said sum of $800 and interest thereon, and covering this extension agreement.'' The consent of plaintiff to said extension agreement is shown by the following provision thereof: ''The consent of the legal holder of the said notes and indebtedness to this agreement is evidenced by the acceptance of the said interest coupons and the said guaranty of the said Leo. B. Lowenthal and Sidney Lowenthal.''

It is true as a general rule that the consideration which binds a guarantor or other surety must be executory; but where the thing was done at the instance or request of the surety or guarantor, a past consideration binds him. Paul v. Stackhouse, 38 Pa. S. 302; Smith v. Molleson, 148 N. Y. 241; Brandt on Suretyship and Guaranty, 3rd ed., sec. 23; Pitman on Principal and Surety, 40 Law Library, 57.

In Paul v. Stackhouse, *supra,* one loaned money to another on the promised security of a third person, taking a note from the borrower payable in one year, which, three days after the year had expired, was signed by the one who had promised to become surety on the note, and it was held that the money having been loaned at the request of the surety, the consideration for his promise, although past, was continuing and valuable, and that his signature to the note was a com-

pletion and full execution of the promise on that consideration.

A consideration which is executed, says Pitman in his treatise on Principal and Surety, 40 Law Library, 57, "is not sufficient to support a subsequent promise, unless indeed the act was done at the request of the party promising, for then the promise is not a naked one, but couples itself with the preceding request, and is therefore founded on a good consideration."

The plaintiff agreed to extend the time of payment of the money mentioned in the extension agreement and guaranty at the request of plaintiffs in error, on the agreement of the debtor that plaintiffs in error would guarantee the payment thereof, and they executed the guaranty sued on, and we hold them both bound by their guaranty, although it may have been signed by Leo B. Lowenthal subsequent to its delivery to plaintiffs' attorney. The subsequent promise of Leo B. Lowenthal is to be coupled with his preceding request, and is therefore founded on a good consideration.

We think the court did not err either in excluding the evidence offered by the defendants or in instructing the jury to find a verdict for the plaintiff, and the judgment of the Municipal Court will be affirmed.

*Affirmed.*